Janice F. Mulligan, SB# 99080
Elizabeth A. Banham, SB# 131734
**MULLIGAN & BANHAM**
2442 Fourth Avenue , Suite 100
San Diego, CA 92101
Telephone (619) 238-8700
Facsimile (619) 238-8701

Christopher A. Seeger, Esq.
David R. Buchanan, Esq.
Scott Alan George, Esq.
**SEEGER WEISS LLP**
One William Street
New York, New York 10004
(212) 584-0700

Attorneys for Plaintiffs WENDY H. RISLEY and TRACY A. RISLEY

FILED
07 MAY -3 PM 12:41
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| WENDY H. RISLEY; and TRACY A. RISLEY, Plaintiffs, vs. DAVOL, INC., and C.R. BARD, INC. Defendants. | ) | Case No. 07 CV 0806 L (BLM) COMPLAINT FOR DAMAGES JURY TRIAL DEMANDED |

Plaintiffs herein, WENDY H. RISLEY and TRACY A. RISLEY, allege the following against Defendants DAVOL, INC., and C.R. BARD, INC.:

## NATURE OF THE CASE

1. Plaintiff, WENDY RISLEY ("Ms. RISLEY"), developed serious and potentially life threatening conditions caused by the insertion of a defective Bard Composix Kugel Mesh Hernia Patch, manufactured by Defendants DAVOL, INC., and C.R. BARD, INC. Plaintiffs seek relief for their injuries under claims of negligence, strict liability for failure to warn, strict liability for design defect, fraudulent concealment, and breach of warranty for Defendants' responsibilities in the development, testing, design, manufacture, inspection, marketing, labeling, promotion, and distribution of the patch that caused Plaintiffs' injuries.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum of $75,000, exclusive of interest and costs, as to each defendant and is between citizens of different states.

3. Venue in this District is proper under 28 U.S.C. 1391. The events and omissions giving rise to this cause of action occurred in substantial part in this District and defendants transact business here.

4. Plaintiffs, and each of them, who reside in the City of El Cajon in the County of San Diego, in the State of California, are residents of the Southern District of California of the United States District Court, and the occurrences which give rise to this action took place in the Southern District of California of the United States District Court.

5. Plaintiff is informed and believes, and thereon alleges that Defendant C.R. BARD, INC., is a business organization incorporated in the state of New Jersey with its principal place of

business in New Jersey

6. Plaintiff is informed and believes, and thereon alleges that Defendant DAVOL, INC., is a business organization incorporated in the state of Rhode Island with its principal place of business in Rhode Island, and is a subsidiary or division of Defendant C. R. BARD, INC.

**BACKGROUND AND FACTUAL ALLEGATIONS**

7. On or about May 5, 2005, Plaintiff Ms. RISLEY, underwent a hernia repair procedure at Naval Medical Center San Diego. During this procedure, physicians implanted a BARD KUGEL COMPOSIX MESH PATCH measuring approximately 10 x 14 cm in Plaintiff Ms. RISLEY. The lot number of the patch implanted was 43DOD232.

8. Defendants DAVOL, INC., and C.R. BARD, INC., through their agents, servants and employees, designed, manufactured, distributed, sold, marketed, and placed into the stream of commerce the patch that was implanted in Plaintiff Ms. RISLEY's body. The patch was designed, manufactured, distributed, sold, marketed, and placed into the stream of commerce to be used by surgeons for hernia repair surgeries and was further represented by Defendants, and each of them, to be an appropriate, safe, suitable product for such purposes.

9. Defendants DAVOL, INC., and C.R. BARD, INC., submitted their 510K application to the Federal Drug Administration ("FDA") on January 22, 2001. Following this application, the Kugel Patch was authorized by the FDA as a Class II medical device.

10. On December 22, 2005, Defendants DAVOL, INC., and C.R. BARD, INC., issued a recall of many sizes of the Kugel Patch, including the size implanted in Plaintiff Ms. RISLEY's body. The recall was due to a faulty "memory recoil ring" that was known to break under stress or pressure, including the stress of implantation. The ring was also known to migrate in the

body. These defects were known to cause severe injuries including bowel perforation, bowel obstruction, intestinal fistulae, and infections. At the time of the recall, there had been numerous reports of injury and death caused by the defective patch.

11. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., failed to comply with FDA application and reporting requirements.

12. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled, and before it was implanted in Plaintiff Ms. RISLEY.

13. Upon information and belief, DAVOL, INC., and C.R. BARD, INC., were aware of the defect in manufacture and design prior to their recall of the patch and prior to the implantation of the patch into Plaintiff Ms. RISLEY's body.

14. In the days that followed her May 5, 2005 surgery, plaintiff Ms. RISLEY developed abdominal tightness, hypotension, and respiratory difficulties. The surgeons operated again on or about May 8th, 2005, to rule out abdominal catastrophe. The surgeons found a grossly edematous bowel and increased intraabdominal pressure.

15. The following day the surgeons had to operate again after Ms. RISLEY failed to improve and in fact deteriorated even further. On or about May 9, 2005, a third surgery was performed wherein Ms. RISLEY's worsening condition necessitated a left hemicoloectomy and removal of her ovaries. Within days the doctors had to operate to repair a perforated bowel.

16. During the following days and months, Ms. RISLEY underwent approximately 30 procedures under general anesthesia to address abdominal fistulas, infections, and other complications.

17. Ms. RISLEY has suffered and will continue to suffer serious and severe physical pain and mental anguish.

18. Ms. RISLEY has suffered and will continue to suffer brain damage resulting in her inability to live a full and complete life. This includes her inability to fully participate in the lives of her children and husband and to provide household services that she used to provide.

19. Ms. RISLEY has suffered a loss of income and earning capacity.

20. Ms. RISLEY's husband, Plaintiff TRACY RISLEY, has suffered loss of consortium.

21. At all times relevant, Plaintiff TRACY RISLEY was and continues to be married to Plaintiff Ms. RISLEY.

**FRAUDULENT CONCEALMENT**

22. Any applicable statutes of limitation have been tolled by the knowing and active concealment and denial of material facts known by defendants when they had a duty to disclose those facts. They have kept Plaintiffs and others ignorant of vital information essential to her pursuit of these claims, without any fault or lack of diligence on plaintiff's part, for the purpose of obtaining delay on plaintiffs' part in filing a complaint on their causes of action. Their fraudulent concealment did result in such delay.

23. Plaintiffs could not reasonably have discovered the claims made herein until shortly before filing this complaint.

24. The Defendants are and were under a continuing duty to disclose the true character, quality and nature of the patch that was implanted in Plaintiff Ms. RISLEY, but instead they concealed them. As a result, Defendants are estopped from relying on any statute of limitations defenses.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

25. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

26. Defendants DAVOL, INC., and C.R. BARD, INC., were negligent to Plaintiffs in the following respects:

27. DAVOL, INC. and C.R. BARD, INC., at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

28. DAVOL, INC. and C.R. BARD, INC. at all times mentioned knew, or in the exercise of reasonable care, should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

29. DAVOL, INC. and C.R. BARD, INC. so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, failed to label, distributed, recommended, displayed, sold, examined, failed to examine, and supplied the Kugel Patch, that it was dangerous and unsafe for the use and purpose for which it was intended.

30. DAVOL, INC. and C.R. BARD, INC. were aware of the probable consequences of the Kugel Patch. DAVOL, INC. and C.R. BARD, INC. knew or should have known the Kugel Patch

would cause serious injury. They failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL, INC. and C.R. BARD, INC. willfully and deliberately failed to avoid those consequences, and in so doing, they acted in conscious disregard of the safety of Ms. RISLEY.

31. Defendants DAVOL, INC. and C.R. BARD, INC. owed a duty to Plaintiffs to adequately warn them and Ms. RISLEY's physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

32. Defendants DAVOL, INC. and C.R. BARD, INC. breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

33. As a direct and proximate result of the duties breached, the Kugel Patch used in Ms. RISLEY's hernia repair surgery failed, resulting in Ms. RISLEY suffering pain and harm.

34. As a direct and proximate result of Defendants' negligence, Ms. RISLEY has suffered injuries and damages.

35. Defendants DAVOL, INC. and C.R. BARD, INC. conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to, or a conscious disregard of, the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, INC. and C.R. BARD, INC. and others from similar conduct in the future.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY - FAILURE TO WARN

36. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

37. At all times herein mentioned, the Kugel Patch was designed and/or manufactured in a defective condition or manner, including but not limited to, causing users, consumers, and patients who would foreseeably come into contact with the Kugel Patch, including Ms. RISLEY, to be injured from said product. The defective and dangerous condition of the Kugel Patch existed at the time they were delivered by the manufacturer to the distributor. At the time Ms. RISLEY had her hernia repair surgery in which the Kugel Patch was implanted, the Patch was in the same condition as when it was manufactured, distributed, and sold.

38. Defendants failed to provide any warnings, labels or instructions of the Patch's dangerous propensities that were known or reasonably knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product, including but not limited to rupture of the patch causing severe injuries including bowel perforation, bowel obstruction, recurring fistulas, and recurring infections which would require multiple subsequent surgeries.

39. At all times herein mentioned, the Plaintiff did not know of the defective condition, danger of breakage and the high risk of subsequent bodily injuries until on or about April 22, 2007 when Plaintiff and Plaintiff's husband heard about it in the media.

40. Plaintiff used the Kugel Patch in a normal, customary, and foreseeable manner as any consumer would and as it was intended to be used by Defendants.

41. Plaintiffs suffered the aforementioned injuries and damages as a direct and proximate result of Defendants' failure to warn.

42. The use of said product by Plaintiff as the product was intended involved a substantial danger that bowel and intestinal damage would occur. This substantial danger was not readily apparent to the Plaintiff.

43. The conduct of DAVOL, INC., and C.R. BARD, INC. in continuing to market, promote, sell, and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter. DAVOL, INC., C.R. BARD, INC. and other from similar conduct.

## THIRD CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY - MANUFACTURING and DESIGN DEFECT

44. Plaintiff re-alleges and incorporates by reference each and every allegation contained in foregoing paragraphs as though fully set forth herein.

45. Defendants DAVOL, INC. and C.R. BARD, INC. are strictly liable to Plaintiffs in the following respects:

46. Defendants C.R. BARD, INC. and DAVOL, INC., provided the Kugel Patch which was defectively manufactured. The patch was defective in that it contained a "memory recoil ring" which can and does break under the stress of placement. The ruptured recoil ring can cause perforation of the bowel, bowel obstruction, chronic intestinal fistulae, infection and

other unknown injury. This defect in the Kugel Patch caused it to fail while in Ms. RISLEY's body causing her to develop serious physical complications which required numerous subsequent painful surgeries and continuing complications.

47. At all times, when Defendants C.R. BARD and DAVOL, INC., sold this product, it was in a defective condition, unreasonably dangerous to Plaintiff Ms. RISLEY.

48. At all times mentioned, the Kugel Patch was in substantially the same condition as when it left the possession of the Defendants.

49. At all times mentioned, the Kugel Patch implanted into Ms. RISLEY was being used in a manner reasonably anticipated at the time it was implanted.

50. At all times relevant, Defendants, and each of them, knew this product was inherently dangerous for its intended use and was unreasonably dangerous constituting an unreasonable risk of injury to Ms. RISLEY as follows:

a. The Kugel Patch was sold in a defective condition by design and manufacture;

b. The Kugel Patch as designed and manufactured was unsafe to Ms. RISLEY;

c. The Kugel Patch as designed and manufactured was unreasonably dangerous to Ms. RISLEY;

d. The Kugel Patch did not perform safely as an ordinary consumer/patient, like Ms. RISLEY would expect;

e. The Kugel Patch was unsafe for its intended use;

f. Defendants failed to warn the end user about the dangers and risks of the product;

g. Defendants knew the component parts of the Kugel Patch as implemented through

design and/or manufacture could cause injury to the end user;

h. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to during implantation or within the intra-abdominal space;

i. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of hernia repair surgery;

j. Any other acts or failures to act by DAVOL, INC. or C.R. BARD, INC. regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, promoting, distributing, and/or sale of the Kugel Patches as will be learned during discovery.

51. Defendants' conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge that the patch's were failing and not performing as represented and intended showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter DAVOL, INC. and C.R. BARD, INC. and others from similar conduct in the future.

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

52. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

53. Defendants DAVOL, INC. and C.R. BARD, INC. are liable to Plaintiffs for their breach of implied warranty in the following respects:

54. Defendants sold the Kugel Patch which was implanted in Ms. RISLEY. Defendants impliedly warranted to Ms. RISLEY, her physicians and health care providers that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

55. Defendants knew or should have known that the Kugel Patch at the time of sale was intended for the purpose of surgically implanting it into the body for hernia repair.

56. Plaintiffs reasonably relied on Defendants' judgment, indications and statements that the Kugel Patch was fit for such use.

57. When the Kugel Patches were distributed into the stream of commerce and sold by Defendants, they were unsafe for their intended use, and not of merchantable quality, as warranted by Defendants in that they had very dangerous propensities when used as intended and implanted into the patient's body where they could cause serious injury of harm or death to the end user.

58. Ms. RISLEY suffered such injuries and damages as a result of the Defendants' conduct and actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against the Defendants, jointly and severally, for economic and non-economic damages in an amount as provided by law and to be determined by a jury; an award of attorney's fees and costs of suit as allowed by law; and such other legal and equitable relief as this Court may deem just and proper.

/

/

/

**JURY DEMAND**

Plaintiffs request a trial by jury.

May 3, 2007

MULLIGAN & BANHAM

BY: ______________________

Elizabeth A. Banham Esq.
Attorney for Plaintiffs WENDY H. RISLEY
and TRACY A. RISLEY

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

07 MAY -3 PM 12:44

CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Wendy H. Risley<br>Tracy A. Risley | Davol, Inc. and C.R. Bard, Inc. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF San Diego, CA<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Mulligan & Banham<br>2442 Fourth Avenue Ste 100<br>San Diego, CA 92101<br>619-238-8700 | ATTORNEYS (IF KNOWN)<br>'07 CV 0806 L (BLM) |

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

28 U.S.C. 1332 - diversity

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS – PERSONAL INJURY | TORTS – PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality of State |
| | | | | | ☐ 890 Other Statutory Actions |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |
|---|---|---|
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** In excess of $75,000 Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 5-3-07 SIGNATURE OF ATTORNEY OF RECORD [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137791 $350.00 [initials]

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 137791 - LJ**

**May 03, 2007**
**12:47:13**

**Civ Fil Non-Pris**
USAO #.: 07-CV-0806-L CIVIL FILING
Amount.: $350.00 CK
Check#.: BC 10646

**Total-> $350.00**

FROM: WENDY H. RISLEY V DAVOL, INC E
CIVIL FILING 07-CV-0806-L