**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **IN RE: KUGEL MESH HERNIA REPAIR PATCH LITIGATION** | § § § | **MDL Docket No. 07-1842-ML** |
| **THIS DOCUMENT RELATES TO:** Risley, No. 1:07-cv-01856-ML-LDA | § § § § | **Chief Judge Mary M. Lisi** |

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**REPLY IN SUPPORT OF MOTION TO REMAND**

Plaintiffs do not dispute that this case involves Composix® E/X Mesh, a product unlike the one at issue in these MDL proceedings because it does not contain a "memory recoil ring." Nor do Plaintiffs dispute that this Court has the discretion to remand this case as it identifies and refines the issues central to this litigation. *See In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371, 1373 (J.P.M.L. 2007) ("In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district." (internal citation omitted)). Instead, Plaintiffs suggest that remand is inappropriate because "the injuries Ms. Risley suffered are identical to those caused by the" Composix® Kugel® Hernia Patches that were recalled (Pls.' Opp. to Mot. to Remand 3) and because "pretrial proceedings, particularly discovery into areas of performance, materials, implantation techniques, and related matters, can be efficiently consolidated." (*Id*. 2.)

Plaintiffs' argument is unpersuasive, for if followed to its logical conclusion this MDL would expand indefinitely to include all Bard hernia products without limitation, and indeed to include all hernia repair devices regardless of manufacturer, without regard to the product's

design, regulatory history, ordinary use, or the nature of the alleged defect. Rather than efficiency, the result of such an open-ended expansion of this MDL would be equally open-ended and unbounded discovery and case filings. Only identifying and remanding unrelated suits such as this one will limit the scope and thus facilitate the overall advancement of these MDL proceedings.

This litigation concerns claims of injury related to recalled models of the Composix® Kugel® Hernia Patch, and not products and claims whose only resemblance to the cases properly in the MDL is that they, too, are designed to repair a hernia. No additional time or discovery will alter the facts agreed to by all that demonstrate that this case is critically different from every other one now a part of this MDL.

Dated: January 2, 2008

Respectfully submitted,

SPRIGGS & HOLLINGSWORTH

s/ Kirby T. Griffis
Joe G. Hollingsworth
Katharine R. Latimer
Kirby T. Griffis
William J. Cople, III
1350 I Street NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (facsimile)

*Attorneys for Defendant C.R. Bard, Inc. and Defendant Davol Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2008, the foregoing DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC'S REPLY IN SUPPORT OF MOTION TO REMAND was electronically filed with the clerk of court and notice of same provided to counsel of record via the Court's ECF system. I further certify that a true and correct copy of this filing was served upon the Plaintiffs' Liaison Counsel in the manner indicated below:

Donald Migliori
Motley Rice LLC
321 S. Main Street
PO Box 6067
Providence, RI 02940-6067
Fax: (401) 457-7708
Email: dmigliori@motleyrice.com
*via facsimile and electronic mail*

s/ Kirby T. Griffis