UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WENDY H. RISLEY and TRACY A. RISLEY,
Plaintiffs

v. C.A. No. 07-1856ML

DAVOL, INC. and C.R. BARD, INC.,
Defendants.

**MEMORANDUM AND ORDER**

Plaintiffs Wendy and Tracy Risley filed this case in the United States District Court for the Southern District of California. Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the action was transferred to this Court under 28 U.S.C. § 1407 for consolidation of pretrial proceedings with the In re Kugel Mesh Hernia Patch Products Liability Litigation, No. 07-1842 (D.R.I. filed June 28, 2007). Defendants have filed a Motion to Remand to the Southern District of California. For the reasons set forth below, Defendants' Motion to Remand is DENIED.

Discussion

Plaintiffs allege negligence, strict products liability, and breach of implied warranty causes of action against Defendants on the grounds that the Composix (TM) EX Mesh patch implanted in Wendy Risley was defective. Defendants argue that because the Composix (TM) EX Mesh patch has not been recalled and has no memory recoil ring, it does not fall within the scope of the Transfer Order issued by the Judicial Panel on Multidistrict Litigation's ("JPML").

The purpose of multidistrict litigation is to transfer civil actions involving "common questions of fact" to one district for "coordinated or consolidated" pretrial proceedings to increase the "convenience of parties and witnesses" and to promote the "just and efficient conduct of such actions." See 28 U.S.C. § 1407(a). In this case, the JPML's Transfer Order combined cases which involved "allegations of defects in various models of hernia patches manufactured and sold by Bard, Davol, or Surgical Sense." (JPML Transfer Order, June 22, 2007.) The JMPL noted, "we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court." (Id.)

In contradistinction to Defendants' argument, the JPML Transfer Order nowhere limits the scope of this multidistrict litigation only to recalled hernia patches or to hernia patches containing memory coils. This Court finds that a broader range of products shares sufficient common questions of fact. The interplay of three elements in Defendants' hernia patches: polypropylene mesh, an expanded polytetrafluoroethylene (ePTFE) layer, and memory recoil ring, appears to raise common questions of fact which are best addressed through the multidistrict litigation process.

The hernia patch at issue here, the Composix (TM) EX Mesh patch, contains both the polypropylene mesh and the ePTFE layer. Therefore, this case should remain within In re Kugel Mesh Hernia Patch Products Liability Litigation. Accordingly, Defendants' Motion to Remand to the Southern District of California is denied.

SO ORDERED

Mary M. Lisi
United States District Judge
January 10, 2008